IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHNNY L. YOUNG, JR.,                                                                   PLAINTIFF

V.                          CASE NO. 5:17-CV-00075 DPM/BD

TASHA CLARK, et al.                                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. You may file written objections to this Recommendation if you disagree. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the Clerk's office within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**      **Discussion**

Johnny Young, a former Arkansas Department of Correction ("ADC") inmate who is currently detained at the W.C. "Dub" Brassell Adult Detention Center, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr. Young complains that ADC officials failed to provide him breakfast on July 12, 2016, and that he was forced to go hungry until 4:00 that day. In his complaint, however, Mr. Young admits that he previously filed another lawsuit asserting the same claim against the same

parties in this Court.  See *Young v. Clark*, E.D. Ark. Case No. 5:16cv286 ("*Young I*").  That case was dismissed based on Mr. Young's failure to state a federal claim for relief.  (*Young I*, docket entry #6)  Mr. Young is prohibited from bringing the same claim in this lawsuit.  See *Smith v. Johnson*, 779 F.3d 867, 871 (8th Cir. 2015) ("Issue preclusion bars the relitigation of an issue that was actually litigated in a prior action and was determined by, and essential to, a valid and final judgment.")

In this case, Mr. Young has added an allegation that the Defendants prevented him from filing an emergency grievance regarding the missed breakfast.  This allegation, like the allegation of the missing breakfast tray, fails to state a federal claim for relief.  Under settled law, inmates do not have a constitutional right to an inmate grievance procedure.  *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  A prison official's failure to properly process or respond to a grievance, standing alone, is not a violation of federal law.

### III.  Conclusion

The Court recommends: that Mr. Young's claims be DISMISSED, with prejudice, based on his failure to state a federal claim for relief; that Judge Marshall certify that an *in forma pauperis* appeal of this dismissal would be frivolous; and that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

DATED this 28th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE